NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WARREN OSCAR JOHN ABRAHAMSON, | No.   18-35005 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00103-JTJ |
| v. | MEMORANDUM[*] |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Submitted June 1, 2020[**]
Portland, Oregon

Before:  BERZON, COLLINS, and VANDYKE, Circuit Judges.

Warren Abrahamson appeals the district court's order affirming the Social

Security Commissioner's denial of disability benefits.  The district court had

jurisdiction pursuant to 42 U.S.C. § 405(g), we have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and because the Commissioner's decision was supported by substantial evidence, we affirm.

We review the district court's judgment "de novo to ensure the Commissioner's decision was supported by substantial evidence and a correct application of the law." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (internal alterations omitted). "This is a highly deferential standard of review," *id.*, "and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

1.  The ALJ found that Abrahamson's degenerative disc disease, asthma, and obesity were severe impairments under 20 C.F.R. § 404.1520(c). Substantial evidence supports the ALJ's conclusion that his myofascial pain syndrome, depression, and anxiety did not qualify as additional severe impairments. *See* 20 C.F.R. § 404.1520a(d)(1). Abrahamson was never actually diagnosed with myofascial pain syndrome, and the ALJ reasonably weighed the evidence under the proper functional limitations criteria, *see* 20 C.F.R. § 404.1520a(c)(3), in concluding that his mental impairments "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities."[1]

---

[1] Abrahamson argues the ALJ erred by not considering the findings of a nurse practitioner who monitored and treated his mental impairments, including what she described as his chronic history

2.     The ALJ afforded appropriate weight to the opinions of Abrahamson's treating physician, Dr. Medina. Dr. Medina offered different opinions at different times as to whether Abrahamson could work full-time. Dr. Medina's 2012 and 2014 opinions, which indicate the most limitations, also differ from other medical sources' opinions that Abrahamson could do "light work" as defined in 20 C.F.R. § 404.1567(b).

Due to these inconsistencies, the ALJ needed only to identify specific and legitimate reasons for affording less weight to Dr. Medina's 2012 and 2014 opinions. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). She did so. First, the ALJ noted that Dr. Medina's 2012 and 2014 opinions lacked adequate supporting explanations. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of … a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Second, the ALJ concluded that Dr. Medina's 2012 and 2014 opinions run counter to the objective medical evidence and other physicians' opinions, which consistently describe Abrahamson's limitations as mild. These reasons for disregarding Dr. Medina's

---

of depression. But the ALJ properly considered the nurse practitioner's findings, noting specifically the range of Global Assessment of Functioning (GAF) scores she assigned to Abrahamson. The ALJ assigned these opinions little weight, however, because GAF scores aren't particularly relevant to whether the claimant's mental impairments pose long-term disabling limitations. The ALJ remarked that, if anything, the GAF scores revealed mild to moderate limitations that improved over time. Moreover, Mr. Abrahamson's claims of debilitating depression and anxiety are also belied by the reports of his treating physician, the opinions of two state agency psychologists, and his own testimony.

3

opinions are specific and legitimate, *Bayliss*, 427 F.3d at 1216, so we defer to the ALJ's reasonable interpretation of the evidence. *Batson*, 359 F.3d at 1193.

3.      The ALJ reasonably concluded that Abrahamson's pain testimony was not entirely credible. Absent affirmative evidence of malingering, an ALJ may "only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ adequately determined the medical evidence did not support Abrahamson's claimed symptoms. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence … is a factor that the ALJ can consider in his credibility analysis."). After expressly disclaiming chronic back pain in July 2010, Abrahamson began complaining of extreme back pain in 2011. But a December 2011 lumbar spine x-ray showed normal spinal conditions with "no signs of trauma or arthropathy," and a 2012 MRI and CT myelogram revealed only mild degenerative disc disease. Abrahamson has also remained "consistently neurologically grossly intact" throughout the treatment period. Moreover, a physician's assistant after careful examination concluded Abrahamson's "mild" back condition did not warrant surgery as a necessary treatment option, and instead recommended back injections and increased exercise.

The ALJ also noted that Abrahamson's sporadic adherence to prescribed

4

treatment (specifically his failure to exercise and supplement his medication as directed) further undermined his pain testimony. *See Molina*, 674 F.3d at 1113–14 (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

The incongruity between Abrahamson's testimony and the medical evidence, as well as his sporadic adherence to prescribed treatment are clear and convincing reasons for the ALJ to conclude Abrahamson's testimony overstated his symptoms and limitations.

4.     The ALJ's hypothetical to the vocational expert "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss*, 427 F.3d at 1217. Because we believe the ALJ's decision is supported by substantial evidence, her hypothetical was reasonable.

**AFFIRMED**.